UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-1 FRANKLIN RAY

    Defendant.
_____/

JUDGE : Tarnow, Arthur J.
DECK  : Det/AA Judge Crim Deck
DATE  : 10/21/2005 @ 09:46:37
CASE NUMBER : 2:05CR80958
INDI USA V. FRANKLIN RAY   (DA)
WI

MAGISTRATE JUDGE SCHEER

## INDICTMENT

THE GRAND JURY CHARGES:

1. At all times pertinent to the charges contained in the indictment:

A. Franklin Ray, defendant herein, operated the following businesses at 41600 Joy Rd., Plymouth, MI:

    i. Marlin Transport, Inc.

    ii. MNR Productions

### COUNT I
### (18 U.S.C. § 1344 - Bank Fraud)

That between in or about July 2002 and in or about December 2002, in the Eastern District of Michigan, Franklin Ray, defendant herein, did knowingly and willfully devise and execute a scheme to defraud a financial institution, that is, Community Federal Credit Union (CFCU), and to obtain money under the custody or control of the financial institution, by means of materially false and fraudulent pretenses, representations and promises in the manner and means as follows:

1. The defendant presented for negotiation to employees of CFCU checks from Comdata

1

Network containing fraudulent authorization numbers.

2. The defendant convinced the CFCU tellers to negotiate the checks without authorization and provide him with the proceeds;

in violation of Section 1344, Title 18, United States Code.

## COUNTS II thru V
## (18 U.S.C. § 1343 - WIRE FRAUD)

That between in or about July 2002 And in or about December 2002, in the Eastern District of Michigan, Franklin Ray, defendant herein, did knowingly and willfully devise and execute schemes to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises in the manner and means as follows:

1. The defendant entered into an agreement to cosponsor NASCAR races.

2. The defendant entered into an agreement to obtain musical entertainment sponsors for NASCAR.

3. The defendant entered into an agreement to coordinate country and rock concerts to coincide with the weekend of races.

4. The defendant entered into agreements with numerous companies to charter flights, helicopter and limousine services for clients purportedly sponsored by the defendant.

5. The defendant provided credit card numbers as form of payment for services rendered.

6. The defendant received monies and services from the companies based upon misrepresentations.

## COUNT II

That between in or on about August 2002 and in or about October 2002, for the purpose of executing a scheme to defraud **Anthony Morgenthau**, the defendant offered to cosponsor six

races for approximately $750,000.00. The races would include musical entertainment sponsors for NASCAR which would be coordinated the same weekend of the race. In furtherance of and for the purpose of executing a scheme to defraud Anthony Morgenthau, the defendant caused to be transmitted by means of wire communications in interstate commerce, signs and signals, that is, wire transfers of funds and telephone communications; in violation of Section 1343, Title 18, United States Code:

## COUNT III

That in or about November 2002, for the purpose of executing a scheme to defraud **Automotive Air Charter/Pentastar**, the defendant represented himself as an agent for NASCAR and several country music performers. The defendant chartered three flights which resulted in approximately $80,000.00 in fees owed to Pentastar. The defendant provided Pentastar with two credit card numbers as form of payment. However, Pentastar has been unsuccessful in charging the credit cards. In furtherance of and for the purpose of executing a scheme to defraud Pentastar, the defendant caused to be transmitted by means of wire communications in interstate commerce, signs and signals, that is, telephone communications; in violation of Section 1343, Title 18, United States Code.

## COUNT IV

That between in or about October, 2002 and in or about November, 2002, for the purpose of executing a scheme to defraud **Priester Aviation**, the defendant chartered a flight and represented himself as a potential buyer for the Gulfstream 4 airplane belonging to Priester Aviation, which cost approximately 28 million dollars. The defendant participated in a teleconference call with Priester and Theresa LNU who claimed to be an employee of Charter

One Bank who confirmed that the defendant maintained a balance greater than $25,000.00 with their institution. The defendant also provided a credit card number as form of payment. In addition to the monies owed for the chartered flight, the defendant also charged $1400.00 in limousine services which did not coincide with the chartered flight. In furtherance of and for the purpose of executing a scheme to defraud Priester, the defendant caused to be transmitted by means of wire communications in interstate commerce, signs and signals, that is, telephone communications; in violation of Section 1343, Title 18, United States Code.

## COUNT V

That between in or about July 2002 and in or about October 2002, for the purpose of executing a scheme to defraud **Spitfire Aviation**, the defendant represented himself as the agent for BAM Racing. The defendant chartered flights for the purpose of flying entertainers to various events. The defendant also represented himself as a potential buyer of two airplanes, a Challenger 604 and a Learjet 60, which cost approximately $23 million and 12 million, respectively. The defendant represented that he would transfer by wire $14,200,000 as a deposit on the aforementioned airplanes and a debt of approximately $200,000 for aviation services. In furtherance of and for the purpose of executing a scheme to defraud Spitfire, the defendant caused to be transmitted by means of wire communications in interstate commerce, signs and signals, that is, and telephone communications; in violation of Section 1343, Title 18, United States Code.

## COUNT VI
### 18 U.S.C. §2314 (Interstate Transportation of Stolen Property)

That on or about October 20, 2002, Franklin Ray, defendant herein, did transport in interstate commerce from Tennessee to the Eastern District of Michigan, a drum set having a

value in excess of $5,000, knowing the same to have been stolen and taken by fraud; in violation of Section 2314, Title 18, United States Code.

**THIS IS A TRUE BILL**

s/Grand Jury Foreperson

STEPHEN J. MURPHY
United States Attorney

s/F. WILLIAM SOISSON (P24766)
Assistant United States Attorney

Dated: October 20, 2005

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** 05-80958<br>Case Number |
|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Numbers: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]:<br>☐ Yes  ☒ No | Judge Assigned: MAGISTRATE JUDGE SCHEER<br>AUSA's Initials: FWS |

Case Title: USA v. FRANKLIN, RAY

County where offense occurred: Wayne

Check One:    **X Felony**    ☐ Misdemeanor    ☐ Petty

```
____  Indictment_____/Information ____ no prior complaint.
_X__  Indictment_____/Information _X_ based upon prior complaint [Case number: 02-81085    ]
____  Indictment_____/Information ____ based upon LCrR 57.10 (d) [Complete Superseding section below].
```

## Superseding Case Information:

Superseding to Case No: _____    Judge: _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges |
|---|---|
| | |

October 20, 2005         F. William Soisson
Date                     Assistant United States Attorney

(313) 226-9668
Phone Number

---

[1] Companion cases are matters in which it appears that substantially similar evidence will be offered at trial or the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/1/99